IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JASON MITCHELL,**

        **Plaintiff,**

**v.**                                        **CIVIL NO. 1:08CV195**
                                                  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**
**FEDERAL BUREAU OF PRISONS,**
**MONONGALIA GENERAL HOSPITAL,**
**ROGER KING, GREENWALD,**
**ANTENELLI, WATSON, BRIMSON,**
**ODDO, KAMICAR, KERN, and**
**HAGGARTY,**

        **Defendants.**

**AMENDED[1] ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. NO. 12], AND
DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

**I. INTRODUCTION**

On October 27, 2008, the pro se plaintiff, Jason Mitchell ("Mitchell"), who is a federal inmate at FCI Fairton, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) in which he alleged that the defendants, United States of America ("government"), Federal Bureau of Prisons ("BOP"), Monongalia General Hospital ("MGH"), Dr. Roger King ("Dr. King"), Greenwald, Antenelli, Watson, Brimson, Oddo, Kamicar, Kern, and Haggarty (collectively, "the defendants"), acted with deliberate indifference and conspired with

---

[1] The sole purpose of this Amended Order is to clarify that Mitchell's complaint is **DISMISSED WITH PREJUDICE**.

**MITCHELL V. UNITED STATES, ET AL.** 1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

one another by refusing him proper medical care, refusing to diagnose the cause of his asphyxia, and punishing him for inquiring into his choking incident. He claims that all of these actions subjected him to cruel and unusual punishment and deprived him of due process of law. He also alleges that the defendants, except for MGH and Dr. King, conspired with one another to allow him to be attacked by another inmate, which also inflicted cruel and unusual punishment. He further alleges that, following the attack, the defendants deprived him of due process of law and inflicted additional cruel and unusual punishment by placing him in the Special Housing Unit ("SHU") at United States Penitentiary Hazelton ("USP Hazelton"), and also violated their duties under 18 U.S.C. § 4042 by failing to punish his attacker. (dkt. no. 1).[2]

## II. FACTUAL BACKGROUND

Mitchell alleges that on December 15, 2007, at USP Hazelton, he began choking after an object became lodged in his throat. Defendant Watson, an employee at USP Hazelton, performed the Heimlich maneuver on him, after which staff at USP Hazelton rushed

---

[2] Mitchell's complaint names defendants Greenwald, Antennelli, Watson, Brimson, Oddo, Kamicar, Kern, and Haggarty as employees of the BOP.

2

**MITCHELL V. UNITED STATES, ET AL.**                              **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

Mitchell to MGH, where Dr. King, a surgeon in private practice on MGH's medical staff, treated him. Mitchell was given a sedative and awoke in the hospital.

Upon returning to USP Hazelton, Mitchell inquired as to why he had choked and asked to see a physician. He alleges that, after he made this inquiry, Watson retaliated by placing him in a "dry-cell" for approximately nine hours. While there, Mitchell alleges that he continued to inquire to no avail about the cause of his choking incident.

Approximately one month later, on January 30, 2008, another inmate at USP Hazelton allegedly attacked Mitchell with a shank. According to an incident report authored by one of the defendants, Officer A. Kerns ("Kerns"), which detailed this attack, Kerns observed Mitchell and a fellow inmate punching one another. Although Kerns ordered them to stop fighting, they refused to do so. The other inmate then began attacking Mitchell with a shank, and struck him on the head. After Kerns tried unsuccessfully to stop the fighting, an operations lieutenant arrived on the scene and used chemical agents on Mitchell and the other inmate to separate them and stop the fight. Both inmates then received medical treatment and were placed in the SHU.

**MITCHELL V. UNITED STATES, ET AL.**  1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

### III.  PROCEDURAL BACKGROUND

The Court referred Mitchell's complaint to Magistrate Judge Seibert for initial screening pursuant to this District's Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 2. On June 16, 2009, Magistrate Judge Seibert issued his Report and Recommendation ("R&R"), in which he recommended that Mitchell's complaint be dismissed with prejudice. He also recommended that Mitchell's motion for default judgment be denied because his complaint failed to meet the standards for obtaining a default judgment under Fed. R. Civ. P. 55, and also because Mitchell never properly served the defendants with his complaint.

On June 30, 2009, Mitchell sought an extension of time to file objections to the R&R (dkt. no. 18), which the Court granted on July 14, 2009 (dkt. no. 19). Mitchell then filed timely objections to Magistrate Judge Seibert's R&R (dkt. no. 21).

For the reasons that follow, the Court **ADOPTS** the R&R, **DISMISSES WITH PREJUDICE** Mitchell's complaint, and **DENIES** his motion for default judgment.

### IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made,

4

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**V. DISCUSSION**

**A. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In his R&R, Magistrate Judge Seibert construed Mitchell's complaint as a suit under Bivens, and concluded that it failed to state a claim upon which relief could be granted.[3]

In reviewing Mitchell's complaint, Magistrate Judge Seibert noted that a Bivens suit may only be pursued against federal officers acting in their official capacity, and that such a claim may not be pursued against a federal agency, the government itself, or a non-federal employee. He therefore concluded that the

---

[3] In his R&R, Magistrate Judge Seibert noted that Mitchell had failed to timely exhaust his administrative remedies, but that this failure may have been due to a lockdown at USP Hazelton. Despite this apparent procedural deficiency, Magistrate Judge Seibert proceeded to fully analyze whether Mitchell's complaint stated a cognizable claim.

**MITCHELL V. UNITED STATES, ET AL.                                 1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

government, the BOP, and MGH should be dismissed. He further recommended that Dr. King be dismissed, inasmuch as he was not a federal employee during any time relevant to Mitchell's suit.

### 1. Count One

In Count One of his complaint, Mitchell alleges that the defendants acted with deliberate indifference and conspired with one another by refusing him proper medical care, refusing to diagnose the cause of his asphyxia, and punishing him for inquiring into his choking incident, all of which subjected him to cruel and unusual punishment in deprivation of due process of law. In analyzing this claim, Magistrate Judge Seibert first noted that, to state a claim under the Eighth Amendment for a medical-related incident, a prisoner must show that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

To prevail on a claim of deliberate indifference, Mitchell ultimately must prove that 1) he faced a sufficiently serious medical deprivation of his medical needs, an objective component, and 2) a prison official acted with a "sufficiently culpable state of mind," a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). After reviewing the standards for each component,

**MITCHELL V. UNITED STATES, ET AL.**                              **1:08CV195**

### AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT

Magistrate Judge Seibert concluded that Mitchell had failed to satisfy the objective component of <u>Wilson</u> because his underlying medical condition, choking, did not constitute a serious medical condition. He further found that, even if Mitchell's choking were considered a serious medical condition, he could not satisfy the subjective component of <u>Wilson</u>, because Watson responded to Mitchell's choking in an appropriate and timely manner by performing the Heimlich maneuver and then having Mitchell transferred to MGH for medical evaluation and treatment. Watson's refusal to identify the object that caused Mitchell to choke resulted in no detriment to Mitchell. Magistrate Judge Seibert therefore recommended that Mitchell's claim for cruel and unusual punishment against Watson be dismissed.

Magistrate Judge Seibert next addressed Mitchell's contention that he had been subjected to cruel and unusual punishment by being placed in a "dry cell" for nine hours. Noting first that, to state a claim for cruel and unusual punishment in violation of the Eighth Amendment, Mitchell must "show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials,'" <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting <u>Williams v. Griffin</u>,

7

**MITCHELL V. UNITED STATES, ET AL.**                                    **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

952 F.2d 820, 824 (4th Cir. 1991)), he found that Mitchell's complaint did not meet these requirements. First, Mitchell had failed to allege that his placement in the dry cell deprived him of food, shelter or medical care. Second, he did not allege that prison authorities were aware of any risks Mitchell faced by being placed there. At best, Mitchell's claim could be construed as one for retaliation.

To state a claim for retaliation against the defendants, Mitchell "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Magistrate Judge Seibert found that Mitchell had failed to state a claim for retaliation because he never alleged that he had been placed in a dry cell in retaliation for exercising a constitutionally-protected right. Mitchell also failed to allege that the prison authorities were aware of any risks he faced by being placed there. He therefore recommended that Mitchell's claim against Watson for cruel and unusual punishment or, alternatively, for retaliation, be dismissed.

**MITCHELL V. UNITED STATES, ET AL.** 1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

### 2. Count Two

In Count Two of his complaint, Mitchell alleged that the defendants, except for MGH and Dr. King, conspired to allow another inmate to attack him, which resulted in the infliction of cruel and unusual punishment. He also alleged that, following the attack, these defendants deprived him of due process of law and inflicted additional cruel and unusual punishment by placing him in the SHU at USP Hazelton, and also violated their duties under 18 U.S.C. § 4042 by failing to punish his attacker.

In analyzing this claim, Magistrate Judge Seibert recognized that an inmate may pursue a claim against prison officials for failing to prevent harm by alleging "that he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with deliberate indifference for the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

According to the R&R, Mitchell failed to allege that prison authorities were aware that he faced a threat from another inmate, and also failed to allege that they acted improperly once Mitchell was assaulted. Magistrate Judge Seibert therefore recommended that Count II be dismissed.

**MITCHELL V. UNITED STATES, ET AL.**                                 **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

Magistrate Judge Seibert further found that Mitchell's due process claim, and his claim of cruel and unusual punishment because he was placed in the SHU, should be dismissed.  Mitchell's due process claim failed because, under the Due Process Clause, prison inmates lack a liberty interest in prison classifications. Hewitt v. Helms, 459 U.S. 460, 467 (1983), overruled in part by Sandin v. Conner, 515 U.S. 472, 472-73 (1995).  Further, prison regulations only create a liberty interest if they subject an inmate to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 485-86.  Because Mitchell's complaint contained no allegation that he faced significant hardship during his confinement in the SHU, Magistrate Judge Seibert concluded that Mitchell had no due process right to challenge his assignment to the SHU.

Magistrate Judge Seibert additionally found that Mitchell had failed to establish that his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment because he had not alleged that his confinement in the SHU deprived him of basic human necessities, or was the result of the defendants' deliberate indifference to those needs.  He therefore recommended that Count Two be dismissed in its entirety.

**MITCHELL V. UNITED STATES, ET AL.** 1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

### 3. <u>Mitchell's Motion for Default Judgment</u>

Magistrate Judge Seibert also recommended that the Court deny Mitchell's motion for default judgment because that motion failed to comply with Fed. R. Civ. P. 55, and also because the defendants had not yet been served through the U.S. Marshals Service.

### B. <u>LEGAL ANALYSIS</u>

Mitchell asserts that Magistrate Judge Seibert erred when he construed his compliant as a <u>Bivens</u> suit rather than as one arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 <u>et seq.</u>, and 18 U.S.C. § 4042. He also contends that the Magistrate Judge erred when he recommended that the government, the BOP, MGH, and Dr. King be dismissed as defendants.

In support of his objections, Mitchell broadly argues that the Court is required to reach the merits of his complaint, that he was prevented from exhausting his administrative remedies, that he has stated a claim for deliberate indifference, that the Eighth Amendment forbids the BOP from subjecting him to excessive punishment not made a part of his sentence, and that he should be permitted to determine through discovery whether the object which caused him to choke was intentionally placed in his throat by the

11

**MITCHELL V. UNITED STATES, ET AL.                       1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
       AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

defendants.[4] He argues further that it was improper for the magistrate judge to evaluate the "seriousness" of his injuries "from the bench," and that the seriousness of his medical situation is evinced by his trip to the hospital, where he had to be sedated.

### 1. The FTCA

Mitchell's objection that his complaint was misconstrued under Bivens and should have been analyzed under the FTCA and 18 U.S.C. § 4042 is unavailing. First, it is well-settled that 18 U.S.C. § 4042 does not provide an independent cause of action. See Harper v. Williford, 96 F.3d 1526, 1528 (D.C. Cir. 1996). Second, the FTCA provides a limited waiver of the government's sovereign immunity, and only the government, not individual government employees or agencies, may be sued under it. See generally United Services Auto. Ass'n v. United States, 105 F.3d 185, 186-87 (4th Cir. 1997). Therefore, Mitchell may not pursue a claim under the FTCA against MGH or the BOP under the FTCA; nor may he sue the individual defendants under that statute.

---

[4] Although Mitchell devotes a significant portion of his objections to explaining why he was unable to exhaust his administrative remedies, and why his failure to do so should be excused, this issue is not dispositive, as Magistrate Judge Seibert based his ruling on other grounds.

**MITCHELL V. UNITED STATES, ET AL.** 1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

Finally, it is well-settled that, with few exceptions, "the Tort Claims Act only permits claims against the government for injuries suffered as the result of the negligence of government employees and not for intentional torts, 28 U.S.C. s 2680(h)." Green v. Carlson, 581 F.2d 669, 675 (7th Cir. 1978). Moreover, constitutional tort claims may not be pursued under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); see also Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001).

Even when Mitchell's complaint is viewed in the light most favorable to him, it is clear that the allegations in Count One, and nearly all those in Count Two, assert constitutional tort claims that he is unable to pursue under the FTCA. See F.D.I.C., 510 U.S. at 477-78. The only claim even remotely alleging negligence is found in Count Two, where Mitchell alleges that the prison authorities failed to exercise their duties under 18 U.S.C. § 4042 by failing to punish the inmate who attacked him.

Even when this claim is analyzed under the FTCA, rather than Bivens, however, it still fails because the decision to punish an inmate for misfeasance in the prison is clearly a discretionary function of prison officials and is thus subject to the discretionary function exception to the FTCA. See 28 U.S.C.A. §

**MITCHELL V. UNITED STATES, ET AL.**                          **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

2680(a) ("The provisions of this chapter and section 1346(b) of this title shall not apply to--(a) Any claim based upon an act or omission of an employee of the Government, . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function . . . on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."); see also <u>Santana-Rosa v. United States</u>, 335 F.3d 39, 44 (1st Cir. 2003) (holding that a claim against the United States under the FTCA for failing to protect an inmate from an assault by a fellow inmate was barred by the discretionary function exception). Mitchell's claim that the defendant prison officials failed to uphold their duties under 18 U.S.C. § 4042 by not punishing the inmate who attacked him, thus, is not actionable under the FTCA.

2.  <u>**Bivens v. Six Uknown Named Agents of the Fed. Bureau of Narcotics**</u>

Because Mitchell may not pursue any of the claims he has pleaded under the FTCA, he may pursue such claims, if at all, only under <u>Bivens</u> against the federal employee defendants named in his lawsuit. Contrary to Mitchell's objections, Magistrate Judge Seibert correctly determined that Mitchell's only hope of

**MITCHELL V. UNITED STATES, ET AL.**                               **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

prevailing on his claims was by pursuing them under Bivens. The Court therefore **OVERRULES** his objections on that ground.

A cause of action under Bivens provides "an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights." Yokum v. Frank, 937 F.2d 604, at *2 (4th Cir. 1991) (table case). Nevertheless, even when Mitchell's claims are analyzed under Bivens, as Magistrate Judge Seibert correctly concluded, they fail as a matter of law. Notably, Mitchell has not challenged Magistrate Judge Seibert's reasoning under Bivens, but only the construal of his claims under it. Because the Court has determined that Mitchell's claims are properly construed under Bivens and do not survive, the Court **ADOPTS** and **AFFIRMS** Magistrate Judge Seibert's analysis.

## VI. CONCLUSION

Mitchell's complaint is frivolous in its entirety. Although he no doubt may have choked on an object while in prison, it is undisputed that the prison authorities at USP Hazelton responded properly to his circumstances and provided him with prompt and proper medical care. Their refusal to identify the object which caused Mitchell to choke does not approach a constitutional

15

**MITCHELL V. UNITED STATES, ET AL.**                                1:08CV195

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

violation, nor does Mitchell's placement in a dry cell for nine hours following his visit to MGH violate his constitutional rights. Mitchell may have been placed in such a cell for any number of reasons, including concerns for his health, and the Court will not second-guess USP Hazelton's discretionary and administrative decision to place him there for a short duration.

Furthermore, although the BOP has a clear obligation to take reasonable measures to keep Mitchell safe while he is in its custody, 18 U.S.C. § 4042, this duty is not absolute. See Williams v. United States, 384 F. Supp. 579, 583 (D.D.C. 1974). It is undisputed that, when Mitchell was attacked by a fellow inmate on January 30, 2008, prison authorities responded appropriately to the incident. There is no indication that they failed to take reasonable measures to protect Mitchell or to halt the attack. Again, both the decision of the prison authorities to place both inmates in the SHU following the assault, and the decision whether to punish Mitchell's attacker, were discretionary administrative decisions. Mitchell, thus, has wholly failed to establish that this incident violated any of his constitutional or civil rights.

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's R&R (dkt. no. 16), and **DISMISSES WITH PREJUDICE** Mitchell's

**MITCHELL V. UNITED STATES, ET AL.**                                      **1:08CV195**

**AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

constitutional and civil rights complaint (dkt. no. 1). <u>See</u> 28 U.S.C. §§ 1915(e) and 1915A ; <u>Sanders v. Bertrand</u>, 72 Fed. Appx. 442, 444-45 (7th Cir. 2003) (unpublished) (finding that "a dismissal for failure to state a claim under § 1915A should be made with prejudice").

It also **DENIES** his motion for default judgment. (dkt. no. 12). It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and to mail a copy to the <u>pro</u> <u>se</u> plaintiff, certified mail, return receipt requested.

DATED: March 11, 2010.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE